IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARA ARANDA CASTILLO,

    Plaintiff,

vs.                                                                    Civ. No. 19-183 KG/SCY

VISTA LIVING COMMUNITIES D/B/A
VISTA HERMOSA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Remand, filed April 5, 2019, in which Plaintiff seeks a remand to state court and an award of attorney's fees and costs she incurred as a result of the removal. (Doc. 6). VLC II, LLC d/b/a Vista Hermosa (VLC II) filed a response on May 3, 2019, and Plaintiff filed a reply on June 3, 2019. (Docs. 19 and 22). Having considered Plaintiff's Motion to Remand, the accompanying briefing, and the Notice of Removal (Doc. 1), the Court grants the Motion to Remand, including Plaintiff's request for an award of attorney's fees and costs.

*A. Background*

On February 4, 2019, Plaintiff filed this employment lawsuit in the First Judicial District, County of Santa Fe, State of New Mexico. (Doc. 1-1) at 4-14. Plaintiff sued only Vista Living Communities, LLC d/b/a Vista Hermosa (Vista Living Communities). *Id.* at 4, ¶ 2. "Vista Hermosa" is the name of a nursing home and/or assisted living facility where Plaintiff worked. *Id.* at 5, ¶ 6. Plaintiff served the complaint on Vista Living Communities, LLC on February 4, 2019. (Doc. 6-5).

On March 6, 2019, VLC II, a legal entity separate from Vista Living Communities, filed the Notice of Removal arguing that removal is proper based upon federal diversity jurisdiction. (Doc. 1). VLC II indicated that Plaintiff incorrectly identified Vista Living Communities as the Defendant. *Id.* at 1. VLC II did not obtain consent from Vista Living Communities to file the Notice of Removal.

VLC II filed the Notice of Removal because it believes it is the proper Defendant. As grounds for that belief, VLC II notes that it holds the Operator's License for Vista Hermosa, which states VLC II owns Vista Hermosa. (Doc. 19-2) at 2. Plaintiff, however, asserts that "this case does not involve a misnomer, rather an intentional decision to name a specific legal entity as a defendant." (Doc. 22) at 5. Moreover, Plaintiff maintains that Vista Living Communities is a proper defendant because it could be liable to her under New Mexico law.

B. Discussion

    *1. Whether to Remand the Case to State Court*

        *a. Does VLC II have the Authority or Standing to Remove the Case to Federal Court?*

Plaintiff correctly asserts that VLC II, a non-Defendant, lacks the authority or standing to remove the case to federal court. As District Court Judge James Browning noted in *New Mexico ex rel. Balderas v. Valley Meat Co., LLC*, the removal statute, 28 U.S.C. § 1446(a), states that "[a] defendant or defendants" may remove a case to federal court. 2015 WL 3544288, at *22-23 (D.N.M.), *on reconsideration in part sub nom. New Mexico v. Valley Meat Co., LLC*, 2015 WL 9703255 (D.N.M.). In fact, "[t]he consensus among district courts across the country is that the term 'defendant' does not extend to a non-party having an interest in the proceedings." *Music v. Clemens*, 2018 WL 4705506, *2 (S.D. Ohio), *report and recommendation adopted,* 2018 WL 5783694 (S.D. Ohio) (citing *New Mexico ex rel. Balderas,* 2015 WL 3544288 at *23); *see also*

*De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (recognizing that "non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings"). Judge Browning subsequently concluded that the remover in that case, a non-defendant not named in the complaint, could not remove the case to federal court. *New Mexico ex rel. Balderas,* 2015 WL 3544288 at *23; *see also Music*, 2018 WL 4705506 at *3 (concluding that remover "is not a defendant and therefore lacks standing to remove"). The Court is persuaded VLC II, as a non-defendant, lacks standing to remove the case to federal court notwithstanding any interest VLC II might have in the case. Consequently, the Court lacks subject matter jurisdiction over this lawsuit. *See Hous. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973) (holding that district court lacks subject matter jurisdiction when non-party initiates removal).

Moreover, Plaintiff, as the master of her complaint, is free to decide who to sue. *De Jongh*, 555 Fed. Appx. at 438 (observing that "[g]enerally, federal courts permit plaintiffs to craft their complaints … includ[ing] a plaintiff's decision as to which parties to sue"). The Court cannot ignore Plaintiff's choice to sue Vista Living Communities. *See id.* (holding that district court lacked authority to disregard plaintiff's choice to sue named defendant instead of remover). Consequently, even if the Court believed VLC II is a proper defendant, the Court cannot simply substitute VLC II as the Defendant in order to allow this case to remain in federal court. *Cf. id.* (recognizing that "court cannot 'create removal jurisdiction based on diversity by substituting parties'" (citation omitted)).

> b. Does Failure to Obtain Consent from Vista Living Communities to Remove Constitute a Procedural Defect in the Removal?

Next, assuming VLC II had the authority to remove the case to federal court, Plaintiff rightly observes that VLC II did not obtain consent from Vista Living Communities to file the

3

Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A) (when civil action is removed "all defendants who have been properly joined and served must join in or consent to the removal of the action"). This failure to obtain consent from Vista Living Communities constitutes a procedural defect in the removal and another reason to grant the Motion to Remand. *See Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) (holding that petition for removal was "procedurally defective" because defendant "did not join in the petition for removal"); *Doe v. Sunflower Farmers Markets, Inc.*, 831 F. Supp. 2d 1276, 1278 (D.N.M. 2011) (explaining that under "'unanimity rule,' a failure of all 'served' defendants to consent in writing to removal constitutes a procedural defect requiring remand").

      *c. Conclusion*

For the foregoing reasons, the Court grants the Motion to Remand and will remand the case to the First Judicial District, County of Santa Fe, State of New Mexico.

      *2. Whether to Award Plaintiff Attorney's Fees and Costs*

The Court may award a plaintiff attorney's fees and costs under 28 U.S.C. § 1447(c): "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The awarding of attorney's fees and costs depends on the "reasonableness of the removal." *Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011) (citation and quotation omitted). "Absent unusual circumstances," courts may award attorney's fees and costs pursuant to Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (citation omitted). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (citation omitted).

In *New Mexico ex rel. Balderas*, Judge Browning found the "removal objectively unreasonable" where, like here, "[a] non-Defendant filed the Notice of Removal, and no

Defendant joined in the removal." 2015 WL 3544288 at *22. Judge Browning correctly explained that "the case law is unambiguous on" whether a non-defendant is "statutorily authorized to removal…." *Id.* at 26. Moreover, Section 1446(b)(2)(A) unambiguously requires consent of all served Defendants to remove a matter to federal court. This Court concludes that VLC II lacked an objectively reasonable basis for seeking removal because it failed to comply with the above unambiguous removal law. With careful legal analysis and attention to the Federal Rules of Civil Procedure, VLC II could have avoided the cost of litigating the removal to federal court. Consequently, the Court awards Plaintiff reasonable attorney's fees and costs she incurred as a result of the removal.

    IT IS ORDERED that

    1. Plaintiff's Motion to Remand (Doc. 6) is granted;

    2. this case will be remanded to the First Judicial District, County of Santa Fe, State of New Mexico;

    3. Plaintiff's request for an award of attorney's fees and costs is granted;

    4. Plaintiff must submit an application for reasonable attorney's fees and costs within 14 days of the entry of this Memorandum Opinion and Order; and

    5. VLC II has an additional 14 days to file any objection to the application.

UNITED STATES DISTRICT JUDGE