IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARA ARANDA CASTILLO,

    Plaintiff,
vs.                                                                                   Civ. No. 19-183 KG/SCY

VISTA LIVING COMMUNITIES D/B/A
HERMOSA,

    Defendant.

## ORDER

This matter comes before the Court upon Plaintiff's Application for Reasonable Attorney's Fees and Costs ("Application"), filed September 3, 2019. (Doc. 28). VLC II, LLC d/b/a Vista Hermosa (VLC II) filed a response on September 17, 2019, and Plaintiff filed a notice of completion of briefing on September 30, 2019. (Docs. 29 and 30). Having considered the Motion and the accompanying briefing, the Court awards Plaintiff a total of $3,603.03 in attorney's fees.

On February 4, 2019, Plaintiff filed this employment lawsuit in the First Judicial District, County of Santa Fe, State of New Mexico. (Doc. 1-1) at 4-14. Plaintiff sued "Vista Living Communities, LLC d/b/a Vista Hermosa" (Vista Living Communities) as the sole defendant. *Id.* at 4, ¶ 2. On March 6, 2019, VLC II, a legal entity separate from Vista Living Communities, removed the case to this Court on the basis of federal diversity jurisdiction, stating VLC II is the proper defendant and was incorrectly identified in the caption as Vista Living Communities. (Doc. 1) at 1. Plaintiff filed a Motion to Remand arguing VLC II lacked authority to remove the case because it is not a named defendant, did not obtain consent from Vista Living Communities to join in the Notice of Removal, and failed to establish the necessary factual basis regarding VLC II's citizenship. (Doc. 6) at 4-7. Plaintiff disputed that Vista Living Communities was

misnamed and maintained that Vista Living Communities is a proper defendant because it could be liable to Plaintiff under New Mexico law. (Doc. 22) at 5. After considering the parties' briefing, the Court granted Plaintiff's Motion to Remand finding VLC II lacked standing to remove the case to federal court and did not obtain consent from Vista Living Communities to remove the case. (Doc. 25) at 3-4. The Court remanded the case to state court and ordered VLC II to pay Plaintiff reasonable attorney's fees and costs incurred as a result of the removal. *Id.* at 5.

Plaintiff now submits her Application seeking $3,100.00 in attorney's fees associated with filing the Motion to Remand, plus Albuquerque gross receipts tax of $244.13 (at a rate of 7.875%), for a total of $3,344.13. (Doc. 28) at 2. Plaintiff also seeks attorney's fees associated with drafting the Application in the amount of $240.00, plus $18.90 in gross receipts tax, for a total of $258.90. *Id.*

VLC II objects to the Application for two reasons. First, VLC II argues an award of attorney's fees and costs is not warranted because VLC II reasonably believed Plaintiff was mistaken in naming Vista Living Communities instead of VLC II. (Doc. 29) at 2. VLC II contends "Vista Living Communities d/b/a/ Vista Hermosa" does not exist because VLC II is the entity that has been doing business as Vista Hermosa since June 2015. *Id.* at 2-3.

The Court rejected this argument in its Memorandum Opinion and Order granting Plaintiff's Motion to Remand and explained that "even if the Court believed VLC II is a proper defendant, the Court cannot simply substitute VLC II as the defendant in order to allow this case to remain in federal court." (Doc. 25) at 3. Contrary to VLC II's assertion, Plaintiff explained that she sued Vista Living Communities, LLC, regardless of whether it is the owner and operator of Vista Hermosa, because "Vista Living Communities, LLC, may still be liable as an employer

under the New Mexico Human Rights Act." (Doc. 22) at 6 (stating Plaintiff more than one employer could be at fault). *Id.* at 6-7. VLC II's argument to the contrary does not change the fact that the complaint was removed by a non-defendant and VLC II did not move to intervene or substitute itself as the proper party in state court prior to removal. *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of the removal."); *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) ("[A]lthough it asserted in its answer and notice of removal that Jongh incorrectly named Lloyds as a defendant, State Farm did not move to intervene or otherwise request that the [state] court substitute it as the proper party in interest. Consequently, it lacked the authority to remove this action to federal court."). The Court finds this objection to Plaintiff's Application is without merit.

Next, VLC II objects to Plaintiff's request for attorney's fees associated with drafting the Application (totaling $258.90) because it is "beyond the scope of the Court's order." (Doc. 29) at 3. To the contrary, the Court awarded Plaintiff "reasonable attorney's fees and costs she incurred as a result of the removal," which includes time spent on her Application. The Court finds this objection is without merit as well.

For the foregoing reasons, the Court rejects VLC II's objections to Plaintiff's Application for Reasonable Attorney's Fees and Costs. The Court reviewed Plaintiff's requested fees and finds them to be reasonable. Accordingly, the Court will award Plaintiff $3,340.00 in attorney's fees and $263.03 in gross receipts tax, for a total of $3,603.03. This amount shall be paid by VLC II within 30 days of the entry of this

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE